IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JAMES LYNN, | |
| Petitioner, | CIVIL ACTION NO.: 6:18-cv-123 |
| v. | |
| WARDEN ANTOINE G. CALDWELL, | |
| Respondent. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner James Lynn ("Lynn"), who is currently incarcerated at Johnson State Prison in Wrightsville, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus challenging his conviction and sentence obtained in the Superior Court of Toombs County, Georgia. Docs. 1, 7.  For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Lynn's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Lynn *in forma pauperis* status on appeal and a Certificate of Appealability.[1]  The Court **DENIES as moot** all pending Motions.  Docs. 3, 5, 8.

---

[1]  A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the [petitioner] with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).  This Report and Recommendation constitutes fair notice to Lynn that his suit is due to be dismissed.  As indicated below, Lynn will have the opportunity to present his objections to this finding, and the presiding district judge will review *de novo* properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's

## BACKGROUND

Lynn was indicted by the Toombs County grand jury on one count of aggravated child molestation and on one count of child molestation. Doc. 1 at 1. Following a jury trial, Lynn was convicted on both counts. Id. Lynn was sentenced to an aggregate of sixty years in confinement followed by life on probation on September 24, 2008. Id. Lynn filed a direct appeal after his motion for a new trial was denied, and the Georgia Court of Appeals affirmed his convictions and sentences on September 22, 2009. Lynn v. State, 684 S.E.2d 325 (Ga. Ct. App. 2009).

On August 20, 2010, Lynn filed a state habeas corpus petition in the Superior Court of Hancock County to challenge his Toombs County convictions. He asserted as grounds for relief that the trial court erred in: (1) failing to intervene on the credibility of a State witness who admitted to coaching the victim; (2) failing to be impartial on material evidence of a similar transaction that Lynn was never given notice of and because the court intervened, changing the witness's testimony to be favorable to the State; (3) allowing the victim's videotaped statement into evidence; (4) restricting Lynn's cross-examination; and (5) "fail[ing] to prove guilt[] beyond a reasonable doubt and acquit." Not. of Filing, Lynn v. Warden, 6:13-cv-14 (S.D. Ga. Apr. 29, 2013), ECF No. 7-1, pp. 5–6, 8.[2] Lynn also raised two "amended grounds" for relief: ineffective assistance of appellate counsel for failing to raise the State's failure to prove venue on appeal; and ineffective assistance of appellate counsel for failing to argue that the trial court expressed

---

report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

[2]     As explained below, Lynn also filed a 28 U.S.C. § 2254 petition in this Court. Lynn v. Johnson, 6:13-cv-14 (S.D. Ga. Feb. 11, 2013), ECF No. 1. Lynn's state habeas corpus petition in the Superior Court of Hancock County and several other relevant filings were filed in Lynn's previous § 2254 case. Id. at ECF No. 7. The Court has the "power to take judicial notice of its own records," and does so here to find that, because Lynn has filed a previous § 2254 petition, his current Petition is successive. Gresham v. Allen, CV 118-020, 2018 WL 1569861, at *2 (S.D. Ga. Mar. 6, 2018).

its opinion while charging the jury on venue. Id. at ECF No. 7-2, pp. 2. Following an evidentiary hearing, the state habeas corpus court denied relief on all grounds by order dated May 30, 2012. Id. at ECF No. 7-3. On January 22, 2013, the Georgia Supreme Court denied Lynn's application for a certificate of probable cause to appeal the denial of his state habeas corpus petition. Id. at ECF No. 7-5.

Lynn then filed a 28 U.S.C. § 2254 petition in this Court on February 11, 2013, and raised the following grounds based on alleged violations of the Fifth and Fourteenth Amendments: (1) the trial court error in failing to intervene on "State's witness admitted coaching alleged victim/failed to intervene on credibility"; (2) the trial judge's failure to be impartial on material evidence; (3) trial court error in allowing the victim's videotaped interview into evidence; (4) the trial judge's alleged error in restricting Lynn's cross-examination of the State's witnesses; and (5) violations of the Fourteenth and First amendments in that Lynn's "first amendment rights were and are continued to be denied ('access to the court')." Pet., Lynn v. Johnson, 6:13-cv-14 (S.D. Ga. Feb. 11, 2013), ECF No. 1, pp. 5–13. The Magistrate Judge recommended Lynn's petition be dismissed as containing procedurally defaulted claims and non-habeas claims. R. & R., Lynn v. Johnson, 6:13-cv-14 (S.D. Ga. May 20, 2013), ECF No. 9. The Court adopted this recommendation over Lynn's objections. Order, Lynn v. Johnson, 6:13-cv-14 (S.D. Ga. June 19, 2013), ECF No. 12. The Eleventh Circuit Court of Appeals denied Lynn's motion for certificate of appealability because he failed to make the requisite showing. Mandate, Lynn v. Johnson, (S.D. Ga. Mar. 21, 2014), ECF No. 21.

Lynn filed his § 2241 Petition on December 3, 2018, and his motion for leave to proceed *in forma pauperis* on December 14, 2018. Docs. 1, 3. The Court deferred ruling on Lynn's motion because Lynn's original submissions were entirely handwritten. Doc. 6 at 1. After the

Clerk of Court mailed Lynn blank copies of its preferred forms, Lynn filed another Petition and motion to proceed without prepaying the requisite filing fee.  Docs. 7, 8.

## DISCUSSION

In his Petition, which was executed on November 15, 2018, Lynn asserts the prosecution failed to disclose favorable evidence relating to a State's witness to him.  Doc. 1 at 3.  Lynn avers he was tried on the charge of aggravated child molestation, in violation of his right against double jeopardy.  Id.  Lynn also avers evidence uncovered during an illegal search and seizure was used against him, and he was not provided a "full and fair hearing" on the merits of this Fourth Amendment claim.  Id.[3]

**I.   Whether Lynn can Proceed Under § 2241**

Lynn's Petition should be dismissed because it is a second or successive attack on his state-court conviction that can only be made in compliance with 28 U.S.C. § 2254, and Lynn has not satisfied the requirements of § 2254.  Lynn's attempt to label his filing as a § 2241 petition does not help.  His Petition is a barred by § 2254 and should be dismissed.

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus."  Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003).  Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254.  "The difference between the statutes lies in the breadth of the situations to which they apply."  Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059).  A writ of habeas corpus may issue to a prisoner pursuant

---

[3]   Lynn's "Motion to Return and Answer" and the attachment to his Petition submitted on the Court's preferred form appear to be very similar.  Docs. 5, 7-1.  Both filings also appear to be Lynn's attempts to rebut arguments he anticipates Respondent will raise in opposition to his Petition.  Thus, the Court has not cited to these filings.  What is more, nothing in these filings serves to alter the Court's analysis and recommended disposition of Lynn's Petition.

to § 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" Section 2241(c)(3) applies. Id. at 786. This Section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States.'" Id. (quoting § 2254(a) (emphasis in original)). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). District courts "lack[] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Smalls v. St. Lawrence, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012).[4]

Lynn seeks to attack his state court conviction via his Petition, and such an attack must be brought pursuant to § 2254. A search for Lynn's previous filings reveals he has filed at least one

---

4   Pursuant to Rule 4 of the Rules Governing § 2254 Cases:

   The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

5

§ 2254 petition in this Court attacking the same state court conviction: Pet., Lynn v. Johnson, 6:13-cv-14 (S.D. Ga. Feb. 11, 2013), ECF No. 1. Because this is a second or successive § 2254 petition and Lynn never sought permission from the Eleventh Circuit Court of Appeals before filing, "this Court is not at liberty to consider it." Smalls, 2012 WL 1119766 at *1; Romero v. Ford, 735 F. App'x 696, 696–97 (11th Cir. 2018). Accordingly, the Court should **DISMISS** Lynn's Petition.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Lynn leave to appeal *in forma pauperis* and deny him a Certificate of Appealability. Though Lynn has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka,

6

314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Lynn's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Lynn *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **DISMISS without prejudice** Lynn's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, docs. 1, 7, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Lynn leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Lynn.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of March, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA