**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

JAMES LYNN,

    Petitioner,

v.

WARDEN ANTOINE G. CALDWELL,

    Respondent.

CIVIL ACTION NO.: 6:18-cv-123

## O R D E R

On March 13, 2019, the United States Magistrate Judge issued a Report and Recommendation recommending the dismissal of Petitioner's petition brought pursuant to 28 U.S.C. § 2241. (Doc. 11.) This Court adopted the Report and Recommendation on April 23, 2019. (Doc. 12.) At the conclusion of the adoption Order, the Court denied the issuance of a Certificate of Appealability. (Id.)

On May 13, 2019, Petitioner filed an "Application for a Certificate of Probable Cause," asking for a certificate permitting him to appeal the Georgia Court of Appeal's 2009 affirmance of the denial of his motion for a new trial after his conviction. (Doc. 14, p. 1); see also Lynn v. State, 684 S.E.2d 325 (Ga. Ct. App. 2009). Petitioner's Application must be denied because a Certificate of Probable Cause is appropriate only to appeal habeas corpus cases—not direct appeals of criminal convictions. O.C.G.A. § 9-14-52. To appeal the Georgia Court of Appeal's decision, Petitioner would need to seek a writ of certiorari from the Georgia Supreme Court.[1] Ga. Const.

---

[1] The Georgia Court of Appeals decided the case on September 22, 2009. (Doc. 14, p. 1); see also Lynn, 684 S.E.2d 325. The deadline to file a notice of intention to apply for certiorari is ten days after the judgment is entered. Ga. Sup. Ct. Rule 38. Petitioner thus appears to be long past that deadline.

Art. VI, § VI, para. V; O.C.G.A. § 5-6-15; Ga. Sup. Ct. Rule 40. Thus, Petitioner's Application is **DENIED.**

To the extent that Petitioner's Application can be interpreted as seeking to appeal this Court's dismissal of his 28 U.S.C. § 2241 petition, that request is also denied. The Antiterrorism and Effective Death Penalty Act of 1996 changed the name of the certificate needed to appeal the denial of a habeas petition from Certificate of Probable Cause to Certificate of Appealability. Peoples v. Haley, 227 F.3d 1342, 1345 (11th Cir. 2000) (per curiam). Because the Court has already ruled that Petitioner is not entitled to a Certificate of Appealability, any such motion is **DENIED AS MOOT.**

Additionally, Petitioner included with his Motion for Certificate of Probable Cause what appears to be a new 28 U.S.C. § 2241 Habeas Corpus petition. (Doc. 14-1, pp. 9–14.) While it is unclear how Petitioner intended this document to be filed and considered,[2] even affording it the liberal construction given to *pro se* pleadings, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the newly-filed petition does not undermine or otherwise impact the dismissal of this case and does not entitle him to any sort of relief. First, because this case is closed, the newly-filed petition cannot be considered an amendment to the original petition. See Henderson v. Sec'y, Fla. Dept. of Corrs., 441 F. App'x 629, 630 (11th Cir. 2011) ("A new petition cannot be considered an amendment to an earlier petition if the earlier petition has been denied and the case closed.") (citing Jones v. United States, 304 F.3d 1035, 1043 n.16 (11th Cir. 2002)). And while it is true that, "[p]ost-judgment, [a petitioner] may seek leave to amend if he is granted relief under [Federal Rule of Civil Procedure] 59(e) or Rule 60(b)," here, nothing in the newly-filed petition even remotely

---

[2] While he handwrote this case's civil action number (6:18-cv-123) on the top of the first page, he also handwrote "Civil Action No. _____" within the caption, indicating that he may have expected or intended for a new civil action to be opened and a new case number to be assigned. (Doc. 14-1, p. 9.)

2

supports that Petitioner might be entitled to relief as it relates to the Court's judgment of dismissal, whether under Rule 59(e) or Rule 60(b). See generally Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact.") (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)); Fed. R. Civ. P. 60(b)(1)–(6) (specifying the grounds for relief under Rule 60(b)). Accordingly, the filing is due to be denied to the extent it might be liberally construed as a post-judgment motion under Rule 59 or 60(b). Finally, if Petitioner intended this filing to be exactly what it, on its face, purports to be—a (new) petition for habeas corpus pursuant to Section 2241—then, in order to obtain review as such by the Court, Petitioner must initiate a new civil action by filing the petition accompanied by the filing fee or motion for leave to proceed in forma pauperis (on the proper forms).[3] In sum, to the extent Petitioner was asking for some kind of relief through the at-issue set of documents, (doc. 14-1, pp. 9–14), such request is **DENIED**.

For all the foregoing reasons, all relief requested by Petitioner in his "Application for a Certificate of Probable Cause" and the accompanying documents is **DENIED**. The case remains **CLOSED**.

**SO ORDERED**, this 12th day of February, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court does not intend its comments as an indicator of whether the new petition, (doc. 14-1, pp. 9–14), will face the same or a different fate from that of the Petition filed to initiate the present action, (docs. 1, 7). (See Doc. 11 (dismissing the Petition "because it is a second or successive attack on his state-court conviction that can only be made in compliance with 28 U.S.C. § 2254, and Lynn has not satisfied the requirements of § 2254"); doc. 12.)

3